UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW STRICK,<br><br>   Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE PATROL,<br><br>   Defendant. | CASE NO. C13-6078 BHS-JRC<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

The Court has reviewed plaintiff's complaint. Plaintiff's complaint is deficient because plaintiff names only the Washington State Patrol as a defendant and because plaintiff does not specify that a constitutional right has been violated.

To state a claim pursuant to 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must

have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986)P; and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 claims against states, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). This rule applies equally to state agencies. *See Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). A governmental agency that is an arm of the state is not a "person" for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

The Court orders that plaintiff file an amended complaint curing the defects noted above. Plaintiff's amended complaint will act as a complete substitute for the original and not as a supplement. Plaintiff's amended complaint must be filed on or before February 7, 2014 or the

Court will recommend dismissing this action for failure to obey a Court order and failure to prosecute.

Dated this 8th day of January, 2014.

J. Richard Creatura
United States Magistrate Judge